WK:DIB
F. #2022R00291

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
\*   FEBRUARY 20, 2024   \*
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

TERRY DOR,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 24-CR-75
(T. 18, U.S.C., §§ 641, 981(a)(1)(C), 982(a)(1), 982(b)(1), 1343, 1957(a), 1957(b), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

Judge Orelia E. Merchant
Magistrate Judge Vera M. Scanlon

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    The Defendant and Relevant Entities

    1.    The defendant TERRY DOR was a resident of Queens, New York.

    2.    Terry Dor Professional Consultants, LLC ("TDPC") was established on or about September 26, 2016, with a registered address in Brooklyn, New York. The defendant TERRY DOR was the sole shareholder and President of TDPC.

    3.    Financial Institution-1, an entity the identity of which is known to the Grand Jury, was a bank headquartered in the United States and it maintained branches within the Eastern District of New York.

    4.    Financial Institution-2, an entity the identity of which is known to the Grand Jury, was a bank headquartered in the United States and it maintained branches within the Eastern District of New York.

    5.    Financial Institution-3, an entity the identity of which is known to the Grand Jury, was a financial brokerage firm that provided consumer securities trading services.

Financial Institution-3 was headquartered in the United States and it conducted business within the Eastern District of New York.

6. Financial Institution-4, an entity the identity of which is known to the Grand Jury, was a credit union headquartered in the United States and it maintained branches within the Eastern District of New York.

7. Insurance Provider-1, an entity the identity of which is known to the Grand Jury, was an insurance company. Insurance Provider-1 was headquartered in the United States and it conducted business within the Eastern District of New York.

II.  The COVID-19 Pandemic in the United States

8. In about January 2020, the Secretary of the United States Department of Health and Human Services declared a national public health emergency under Title 42, United States Code, Section 247d as a result of the spread of a novel coronavirus COVID-19 within the United States. On or about March 13, 2020, the President of the United States issued Proclamation 9994 declaring a national emergency beginning on March 1, 2020 as a result of the rapid spread of COVID-19.

III. The EIDL Program

9. The Economic Injury Disaster Loan ("EIDL") program was a United States Small Business Administration ("SBA") program that provided emergency relief funding to distressed businesses during the COVID-19 pandemic. Specifically, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act authorized the SBA to provide EIDLs of up to $2,000,000 to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic.

10. To qualify for an EIDL, businesses were required to have suffered "substantial economic injury" due to COVID-19, as determined by the SBA. Qualifying

businesses were required to submit an application to the SBA and provide information about its operations, such as the number of employees, gross revenues and cost of goods sold in the 12-month period preceding January 31, 2020. Sole proprietors were eligible for EIDLs so long as they had verifiable business income during the 12-month period preceding January 31, 2020.

11. The EIDL application required the name of the person completing the application, as well as the name of anyone assisting the person completing the application, whether for a fee or not. EIDL applicants were also required to certify under penalty of perjury that the information provided in the application was true and correct

12. EIDL applications were submitted directly to the SBA and processed through a software platform that used a server in Iowa. Any funds issued under the EIDL program were issued directly by the SBA and were processed in Colorado. The amount of the loan, if the application was approved, was determined based, in part, on the information provided in the application about employment, revenue and cost of goods, as described above. Under the CARES Act, EIDL funds could be used for payroll expenses, sick leave, production costs and business obligations, such as debts, rent and mortgage. EIDL funds could not be used for personal expenses.

IV. The COVID-19 Relief Fraud Scheme

13. The defendant TERRY DOR used TDPC, a shell entity he owned and controlled, to submit a materially false EIDL application, dated July 3, 2020, and subsequent materially false modification requests, dated August 9, 2021 and September 30, 2021, respectively (collectively, the "False Application and Requests"), to the SBA. These falsely indicated that TDPC qualified for the EIDL program because it had suffered economic damage from the COVID-19 pandemic. In particular, the False Application and Requests, and the documentation submitted with them, including fraudulent tax returns filed with the Internal

Revenue Service ("IRS") by DOR on behalf of TDPC, falsely specified that TDPC had legitimate expenses and that DOR intended to use the requested EIDL proceeds to fund TDPC's supposed business operations.

14. For example, on approximately August 1, 2021, the defendant TERRY DOR submitted to the SBA a fraudulent Form 1120-S[1] filed with the IRS by DOR on behalf of TDPC for calendar year 2019, which falsely reported that TDPC had $576,000 in revenue and $535,960 in expenses during calendar year 2019. In truth and in fact, TDPC had no legitimate revenue or expenses during calendar year 2019.

15. As another example, on or about May 19, 2021, the SBA directed the defendant TERRY DOR to submit proof of business liability insurance coverage for TDPC as a prerequisite to the SBA disbursing additional EIDL funds to DOR. On or about May 24, 2021, DOR acquired from Insurance Provider-1 business liability insurance coverage for TDPC, the terms of which required DOR to pay Insurance Provider-1 an initial deposit and an annual premium in monthly installments. On or about the same day, DOR paid Insurance Provider-1 the initial deposit under the terms of the policy. On or about May 25, 2021, DOR submitted to the SBA proof of business liability insurance coverage for TDPC. On or about August 2, 2021, Insurance Provider-1 terminated TDPC's business liability insurance coverage after DOR failed to pay any of the monthly installments owed to Insurance Provider-1 under the policy. The SBA's EIDL agreement, which DOR signed, required TDPC to "maintain such coverage throughout the entire [loan] term" and provided that TDPC would "not be eligible for any further disaster assistance or SBA financial assistance if this insurance is not maintained." Despite this requirement, DOR failed to disclose to the SBA that TDPC had no business liability insurance

---

[1] IRS Form 1120-S is used to report the income, losses, dividends and other distributions of an S corporation.

coverage as of approximately August 2, 2021, after which date the SBA disbursed approximately one million dollars in EIDL funds to DOR. Had DOR informed the SBA, as required, that TDPC's business liability insurance coverage had lapsed, the SBA would not have subsequently disbursed these funds to DOR.

16. In total, as a result of the defendant TERRY DOR's False Application and Requests, the SBA deposited approximately $1,151,000 in EIDL proceeds into a commercial bank account at Financial Institution-1 ("Account-1616"), which was registered to TDPC and controlled by DOR. Specifically, on or about July 22, 2020, August 22, 2021 and December 4, 2021, the SBA deposited $150,000, $350,000 and $651,000, respectively, into Account-1616. DOR was not entitled to any of this money.

V. DOR's Transfer of the Fraudulently Obtained EIDL Proceeds

17. The defendant TERRY DOR subsequently wired portions of the fraudulently obtained EIDL proceeds from Account-1616 to other accounts he controlled. DOR also used portions of these proceeds to fund personal and non-TDPC expenses—such as the purchase of premium jewelry and clothes—as well as other purchases and securities trading.

18. For example, on or about September 3, 2021, just days after fraudulently obtaining the $350,000 in EIDL proceeds referenced above, the defendant TERRY DOR withdrew $300,000 from Account-1616 in the form of a cashier's check. On or about the same day, DOR deposited the same cashier's check into his personal checking account at Financial Institution-2 ("Account-3485"). On or about September 14, 2021, DOR wired $295,000 from Account-3485 to a brokerage account at Financial Institution-3 ("Account-1297"), which was registered to DOR.

19. As another example, on or about December 13, 2021, just days after fraudulently obtaining the $651,000 in EIDL proceeds referenced above, the defendant TERRY

DOR transferred $125,000 from Account-1616 to another bank account at Financial Institution-1 that was controlled by DOR ("Account-1764"). On or about the same day, DOR transferred $125,000 from Account-1764 to a premium jewelry vendor located in New York City.

20. As an additional example, on or about December 21, 2021 and February 1, 2022, shortly after fraudulently obtaining the $651,000 in EIDL proceeds referenced above, the defendant TERRY DOR transferred $25,000 and $20,000, respectively, from Account-1616 to a credit union account registered to him at Financial Institution-4 ("Account-3021").

## COUNT ONE
(Wire Fraud)

21. The allegations contained in paragraphs one through 20 are realleged and incorporated as if fully set forth in this paragraph.

22. In or about and between July 2020 and December 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TERRY DOR did knowingly and intentionally devise a scheme and artifice to defraud the SBA, and to obtain money and property from the SBA by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted a writing, sign and signal by means of wire communication in interstate and foreign commerce, to wit: an online EIDL application submitted on or about July 3, 2020, and subsequent modification requests submitted on or about August 9, 2021 and September 30, 2021, respectively, transmitted from New York State, via the internet, to Iowa and Colorado.

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

7

## COUNT TWO
(Theft of Public Funds)

23. The allegations contained in paragraphs one through 20 are realleged and incorporated as if fully set forth in this paragraph.

24. In or about and between July 2020 and December 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TERRY DOR did knowingly and intentionally embezzle, steal, purloin and convert to his own use and the use of another money and things of value of the United States and of a department and agency thereof, to wit: EIDL funds issued by the SBA, the value of which in the aggregate exceeded the sum of $1,000.

(Title 18, United States Code, Sections 641, 2 and 3551 et seq.)

## COUNTS THREE THROUGH EIGHT
(Money Laundering)

25. The allegations contained in paragraphs one through 20 are realleged and incorporated as if fully set forth in this paragraph.

26. On or about the following dates, within the Eastern District of New York and elsewhere, the defendant TERRY DOR did knowingly and intentionally engage in one or more monetary transactions, in and effecting interstate commerce, in criminally derived property that was of a value greater than $10,000 and was derived from specified unlawful activity, to wit: wire fraud and theft of public funds, contrary to Title 18, United States Code, Sections 1343 and 641, respectively, knowing that the property involved in such monetary transactions represented the proceeds of some form of unlawful activity:

| COUNT | APPROXIMATE DATE | MONETARY TRANSACTION |
|---|---|---|
| THREE | September 3, 2021 | Transfer of $300,000 of fraudulently obtained SBA loan proceeds from Account-1616 to Account-3485. |

| COUNT | APPROXIMATE DATE | MONETARY TRANSACTION |
|---|---|---|
| FOUR | September 14, 2021 | Transfer of $295,000 of fraudulently obtained SBA loan proceeds from Account-3485 to Account-1297. |
| FIVE | December 13, 2021 | Transfer of $125,000 of fraudulently obtained SBA loan proceeds from Account-1616 to Account-1764. |
| SIX | December 13, 2021 | Transfer of $125,000 of fraudulently obtained SBA loan proceeds from Account-1764 to a premium jewelry vendor located in New York City. |
| SEVEN | December 21, 2021 | Transfer of $25,000 of fraudulently obtained SBA loan proceeds from Account-1616 to Account-3021. |
| EIGHT | February 1, 2022 | Transfer of $20,000 of fraudulently obtained SBA loan proceeds from Account-1616 to Account-3021. |

(Title 18, United States Code, Sections 1957(a), 1957(b), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE AND TWO

27. The United States hereby gives notice to the defendant TERRY DOR that, upon his conviction of either of the offenses charged in Counts One and Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property of DOR, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

28. If any of the above-described forfeitable property, as a result of any act or omission of the defendant TERRY DOR:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

9

(e) has been commingled with other property which cannot be divided without difficulty; and

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS THREE THROUGH EIGHT

29. The United States hereby gives notice to the defendant TERRY DOR that, upon his conviction of the offense charged in Counts Three through Eight, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property of DOR, real or personal, involved in such offense, or any property traceable to such property.

30. If any of the above-described forfeitable property, as a result of any act or omission of the defendant TERRY DOR:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; and

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2022R00291

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

TERRY DOR,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 641, 981(a)(1)(C), 982(a)(1), 982(b)(1), 1343, 1957(a), 1957(b), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____[signature]_____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____

*Clerk*

*Bail, $* _____

_____

David I. Berman, *Assistant U.S. Attorney (718) 254-6167*